J-E03006-15

2016 PA Super 51

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WANYA ROSSER, | |
| Appellant | No. 3258 EDA 2013 |

Appeal from the Judgment of Sentence June 4, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008571-2010

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OTT, J., STABILE, J., AND JENKINS, J.

CONCURRING STATEMENT BY BOWES, J.:        **FILED FEBRUARY 26, 2016**

I concur in the result reached by the distinguished majority. Preliminarily, I agree that Appellant waived his federal and state confrontation clause argument and that his weight of the evidence position is without merit. However, I cannot agree that *Commonwealth v. Briggs*, 12 A.3d 291 (Pa. 2011), implicitly speaks to the merits of the waived constitutional issue in question. The *Briggs* Court, as recognized by the learned majority, nowhere mentioned the confrontation clause. Accordingly, *Briggs* is simply inapposite as to a confrontation clause analysis. I would refrain from addressing the merits of an important constitutional question based in part on a case that simply does not speak to the issue and await the proper case.

By addressing an issue that is not properly preserved, the majority precludes any development of this argument under the ineffective assistance of counsel rubric that could be advanced in a PCRA petition. The underlying claim is one which at least two members of the current Pennsylvania Supreme Court consider to have potential merit.[1] Indeed, part of the rationale used for upholding the trial court's decision to prohibit the question at issue is that Appellant did not testify and counsel did not provide a foundation for the proposed cross-examination. Both of these matters could implicate counsel's representation. Since I believe it is imprudent to address the merits of Appellant's waived argument under the facts of this case, I concur in the result.[2]

---

[1] The original panel majority in this matter consisted of Judges, now Justices, Christine Donohue and David Wecht.

[2] I note that the trial court erroneously concluded that Appellant's question would elicit hearsay as the answer would not have been introduced to prove the truth of the matter asserted.